IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CARLOS RODOLPH FRAGNIERE,<br>a/k/a DONALD DACOSTA,<br>a/k/a DONALD MALCOLM<br><br>Defendant. | Case No. 3:25-cr-00270<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the

United States of America, by its attorneys, Nicholas W. Chase, United States Attorney

for the District of North Dakota, and ~~Jacob T. Rodenbiker~~ Rick L. Volk, Assistant United States

Attorney; Defendant, ROBERT CARLOS RODOLPH FRAGNIERE; and Defendant's

counsel, Charles A. Stock, agree as follows:

1.      Defendant acknowledges the Indictment charges him with a violation of

Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 2.

2.      Defendant has read the charge and Defendant's attorney has fully explained

the charge to Defendant.

3.      Defendant fully understands the nature and elements of the charged crime.

4.      Defendant will voluntarily plead guilty to Count Two of the Indictment and

agree to forfeit his interest in the property under the Forfeiture Notice.

5.      The parties agree this Plea Agreement shall be filed as part of the Court

record and be governed by Rule 11(c) of the Federal Rules of Criminal Procedure. The

parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the non-binding recommendations specified in this Plea Agreement, then Defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give Defendant a right to withdraw Defendant's guilty plea.

6.    Defendant will plead guilty because Defendant is in fact guilty of the charge. In pleading guilty to Count Two of the Indictment, Defendant acknowledges a sufficient factual basis exists to satisfy the essential elements, including:

> Around 1:15 in the morning of July 26, 2025, police officer on foot patrol in downtown Fargo witnessed Defendant, his co-Defendant, and two others exit a vehicle registered to his mother in a bank parking lot. Surveillance video from the bank would later show them going to and from the vehicle. Officers could see multiple firearms in plain view inside the vehicle. A police canine also alerted to the vehicle. At the time, Defendant and his co-defendant were each on supervised probation or parole for the felony convictions alleged against them in the Indictment, and each of them knew he had been previously convicted of an offense punishable by imprisonment for more than one year. Officers searched the vehicle, finding and seizing the four firearms alleged here. The firearms were later determined to have been manufactured outside North Dakota. A search of Defendant's cell phone revealed images of his co-Defendant and him holding guns similar or identical to those seized. In one of the images, Defendant is holding a long-gun with a visible serial number that is the same as one the long-guns in this case. When asked why they would want to talk to him, Defendant answered law enforcement officials that he guessed some guns were found in his vehicle. He further stated that he knew none of them was stolen and none had been used in a crime.
>
> Defendant agrees to forfeit any interest he may have in property covered under the Forfeiture Notice.
>
> //
>
> //

2

7.    Defendant understands the following maximum penalties apply:

| | |
|---|---|
| Imprisonment: | 15 years |
| Fine: | $250,000 |
| Supervised Release: | 3 years |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

8.    Defendant understands that by pleading guilty Defendant surrenders rights, including:

(a)    The right to a speedy public jury trial and related rights as follow:

(i)    A jury would be composed of 12 lay persons selected at random. Defendant and Defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that Defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

(ii)    At a trial, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear

3

voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iii)    At a trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt can be drawn from Defendant's refusal to testify. Defendant can choose to testify but cannot be required to testify.

(b)    Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

9.    Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

10.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a) and must consult and consider the United States' Sentencing Commission, Guidelines Manual, (Nov. 2025) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation of sentence. The United States expressly reserves the right to appeal from an unreasonable sentence.

4

11.   This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any tribal, state, or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12.   Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

13.   The parties agree the base offense level is 20, because Defendant was a prohibited person at the time of the offense, and it involved a semiautomatic firearm that is capable of accepting a large capacity magazine. (USSG § 2K2.1.1(a)(4)(B)). The parties further agree a 2-level upward adjustment applies because the offense involved three or more firearms. (USSG § 2K2.1(b)(1)(A)).

14.   At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of Defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

15.   The parties stipulate and agree that, as of the date of this agreement, Defendant appears to qualify for a 2-level downward adjustment for acceptance of responsibility. However, the government may, in its discretion, contest the adjustment

under USSG § 3E1.1(a) should Defendant subsequently fail to continue to accept responsibility by failing to abide by the conditions of release, if applicable; by providing false information to the Court, the probation office, or the United States; by unlawfully using controlled substances; by attempting to obstruct justice; by breaching this Plea Agreement; or by acting in a way that is inconsistent with, or failing to act in any way that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

16.    Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may apply other adjustments the parties have not agreed upon. The parties reserve the right to argue for or object to any adjustment not otherwise agreed upon or waived in this plea agreement.

17.    At sentencing, the United States will recommend a term of imprisonment at the low end of the applicable guidelines range to run consecutively to any term of imprisonment to be imposed in State of North Dakota case number 08-2024-CR-3090 and three years of supervised release on conditions as recommended by the Probation Office, and request the Court order forfeiture of property under the Forfeiture Notice.

18.    Defendant acknowledges and understands that if Defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and Defendant will face the following consequences: (1) all testimony and other information Defendant has provided at any time to attorneys, employees, or law enforcement officers

6

of the government, to the Court, or to the Federal Grand Jury, may be used against Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statement(s), or false declaration(s), if Defendant commits such acts in connection with this agreement or otherwise.

19.    The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

20.    **Defendant's Waiver of Appeal**. Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is

7

pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guideline range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

21.     By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty under Rule 11(d) of the Federal Rules of Criminal Procedure once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

22.     The Assistant United States Attorney and the attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. They acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report through a conference or other informal procedures.

23.     Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. A naturalized United States citizen may face denaturalization. Defendant's attorney has explained these consequences of the guilty plea.

24.    Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

NICHOLAS W. CHASE
United States Attorney

Dated: 5/7/2026

By: ~~JACOB T. RODENBIKER~~ Rick L. Volk
Assistant United States Attorney

Dated: 4/13/26

ROBERT CARLOS RODOLPH FRAGNIERE
Defendant

Dated: 4/13/26

CHARLES A. STOCK
Attorney for Defendant

9